# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

## JOHN DERRENBACHER, Respondent, v. THE LEHIGH VALLEY RAILROAD COMPANY, Appellant.

*When the plaintiff is not bound to prove the existence of a defendant corporation—a general appearance and the service of an answer by the latter amounts to an admission of its corporate existence—in any event, proof of user or corporate acts establish its existence prima facie.*

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant. The complaint alleged that the defendant was a corporation duly organized under the laws of the State of New Jersey. The answer denied each and every allegation of the complaint, and set up contributory negligence on the part of the plaintiff as a defense.

The court, at General Term, said: " The motion to dismiss the complaint on the ground that plaintiff had not proved the corporate character of the defendant, was properly denied. Where a corporation brings suit, it is bound to allege its corporate existence, and at common law was bound to prove it under the general issue. The rule is the same now as to foreign corporations, but as to domestic corporations the rule is so far changed by statute, that

[612]

such a plaintiff is only put to show its own corporate existence, where the defendant pleads specially " *nul tiel corporation ;*" but where a corporation is sued, its general appearance and answer in the action ought·to be deemed an admission of its corporate existence, as much as the general appearance and answer of a natural person is an admission of his existence and identity. It appears and answers as a corporation, when no special issue is presented on that question, and thus puts itself in court as such, and ought not afterwards to be heard to insist that plaintiff must affirmatively prove that it is what it has put itself on record as being. Some confusion has arisen on this subject (perhaps, in the cases), by not properly observing the difference between a plaintiff corporation's own affirmation of its existence when put in issue by an answer, and the appearance of a corporation when sued as a defendant, on putting in an answer in the name by which it is sued.

" At all events, in such a case it is enough to show *user* or corporate acts to make a *prima facie* case of the entity and identity of the artificial person that has appeared, and is defending the suit. In this case, the issues were tried all through the plaintiff's case, upon the assumption that the Lehigh Valley Railroad Co. was an existing corporation. It was quite right, therefore, not to permit the defendant to railroad itself out of court because its charter was not produced and proven. The *prima facie* case was sufficient to call upon the defendant to give some of the evidence which the learned counsel says his client was misled into not producing, to wit, ' negative proof of its non-existence,' if any such it had."

*Charles B. Alexander*, for the appellant.

*Edward H. Hobbs*, for the respondent.

Opinion by DAVIS, P. J.; BARRETT, J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Judgment affirmed.